```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


ANTHONY JUJUAN HOPKINS,          *
                                 *
    Petitioner,                  *
                                 *
vs.                              *  CIVIL ACTION: 14-00528-WS-B
                                 *
CHRISTOPHER GORDY,               *
                                 *
    Respondent.                  *
```

### REPORT AND RECOMMENDATION

Anthony JuJuan Hopkins, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004).

Having carefully considered Hopkins' petition, Respondent's supplemental answer (Doc. 22), and Petitioner's multiple replies to Respondent's filings (Docs. 12, 16, 23), the undersigned finds that Hopkins'

petition is untimely, and that equitable tolling is not appropriate.[1]

Accordingly, it is recommended that Hopkins' habeas petition be dismissed as time-barred, and that judgment be entered in favor of Respondent and against Petitioner, Anthony JuJuan Hopkins, pursuant to 28 U.S.C. § 2244(d). The Court further recommends a finding that Hopkins is not entitled to a certificate of appealability, and as a result, he is not entitled to appeal *in forma pauperis*.

**I. Discussion**

   **A. Background**

Hopkins was indicted by a grand jury in Mobile County Circuit Court on April 10, 2009 for one count of murder, second-degree rape, second-degree sodomy, incest, and second-degree sexual abuse. (Doc. 10-1 at 48-56). The jury found Hopkins guilty of all counts charged in the indictment, and on May 20, 2010, he was sentenced to consecutive terms of life in prison for the his murder conviction, 20 years in prison for his conviction of second-degree rape, 20 years in prison for his conviction of second-degree sodomy, 10 years in prison for his

---

[1] Also pending before the Court is Hopkins' motion for leave to file summary judgment. (Doc. 25). This motion for leave to file summary judgment is **DENIED** as moot based on this recommendation.

conviction of incest, and 1 year in jail for his conviction of second-degree sexual abuse. (Docs. 1 at 2; 10-1 at 1, 49, 51, 53. 55, 56). On appeal to the Alabama Court of Criminal Appeals, Hopkins' conviction and sentence were affirmed in an unpublished memorandum opinion on March 18, 2011. (Doc. 10-20). A certificate of judgment was issued on April 6, 2011. (Doc. 10-21). After the certificate of judgment was entered, Hopkins filed a motion to suspend the rules to allow him to file an out-of-time request for rehearing. (Doc. 10-22). The motion was denied by the Alabama Court of Criminal Appeals on June 10, 2011. (Doc. 10-23). Hopkins did not file a petition for writ of certiorari to the Alabama Supreme Court.

On March 13, 2012,[2] Jones filed a motion for relief pursuant to Alabama Rule of Criminal Procedure 32 on March 13, 2012. (Doc. 10-24 at 7). The trial court denied the motion as meritless on March 5, 2013. (Doc. 10-25 at 35). Hopkins appealed the dismissal, and on appeal, the Alabama

---

[2] Hopkins' petition bore a signature date of March 13, 2012, and was received by the Clerk's Office on March 19, 2012. (Doc. 10-24 42, 77) Absent evidence to the contrary, the Court assumes that the petition was delivered to prison authorities for mailing on the day that Hopkins signed it. See Washington v. U.S., 243 F.3d 1299, 1301 (11th Cir. 2001). Under the "mailbox rule," "a prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." Id.

3

Court of Criminal Appeals affirmed the trial court's dismissal of the Rule 32 petition on December 13, 2013. (Doc. 10-30).  Hopkins' application for rehearing was overruled on March 14, 2014.  (Doc. 10-32). On March 25, 2014, Hopkins filed a petition for writ of certiorari to the Alabama Supreme Court (Doc. 10-33 at 22).  Hopkins' application for rehearing was denied on July 11, 2014, and the Alabama Supreme Court issued the judgment the same day. (Docs. 10-34; Doc. 10-16).

On November 10, 2014,[3] Hopkins filed the instant habeas petition challenging his conviction and sentence. (Doc. 1 at 12).  Hopkins raises sixteen (16) claims involving ineffective assistance of counsel, prosecutorial misconduct, and the lack of jurisdiction of the trial court.[4]   (Id. at 6-18).  In its response, the Respondent

---

[3]   See, supra, note 2 explaining that a prisoner's pro se petition is deemed filed on the date the petition is signed and delivered to prison authorities to be mailed. Washington v. U.S., 243 F.3d 1299, 1301 (11th Cir. 2001)

[4]   Hopkins claims his trial counsel was ineffective for: failing to move for venue change, failing to assert victim died of natural causes, failing to object to state's motion in limine regarding the admittance of evidence (sexual disease test results revealed that the victim tested positive for chlamydia while the Petitioner tested negative), failing to object to prosecutor's "untrue" statements during opening and closing arguments, and prejudicial statements made during voir dire questioning, failing to object to state's use of evidence of pornographic videos, failure to object to prosecution's

4

argues that Hopkins' petition should be dismissed as untimely because it was filed outside of the statute of limitations.[5] (Doc. 10 2, 13-15). Upon careful review, the undersigned agrees.

### B. Analysis

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The AEDPA, a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of

---

timeline of sexual offenses, failure to move to sever the murder charge from the consolidated sexual offense charges, failure to inform jury that the state failed to carry its burden to prove motive for murder, failure to move for jury sequestering, and failure to suppress the admission of Petitioner's outgoing jail mail. Hopkins also claims that the prosecutor used the trial coverage to campaign for district attorney; that the state pathologist identified no cause of death to "reflect" homicide; that the murder indictment lacked a cause of death which made it difficult to impossible to prepare a defense; that the state coerced a witness to commit perjury; and the trial court abused its discretion in denying Hopkins' Rule 32 petition. (Doc. 1 at 6-18).

[5] In its original response, Respondent asserted that Hopkins' Rule 32 petition was filed on March 13, 2013, after expiration of the one-year limitation period set forth by the AEDPA. (Doc. 10 at 7). Hopkins disputed this assertion, and the records before the Court reflect that the Rule 32 petition was actually filed on March 13, 2012 as opposed to March 13, 2013. Thus, the Court ordered Respondent to file an amended answer addressing the timeliness issue of Hopkins' petition. (Doc. 18). Respondent filed a supplemental response acknowledging the error, and arguing that the petition was nevertheless untimely because it was filed 105 days past the AEDPA one-year statute of limitations. (Id. at 2-3, n.1).

5

direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Hopkins has not alleged that the Government impeded the filing of his 2254 motion or that a retroactive new constitutional right exists in his case. Accordingly, the Court will calculate the timeliness of his petition from the date Hopkins' conviction became final.

Generally, a judgment becomes final at the expiration of the ninety-day period in which to seek certiorari review from the Supreme Court of the United States. 28 U.S.C. § 2244(d)(1)(A); see, Nix v. Sec'y for Dept. of Corr., 393 F.3d 1235, 1236 (11th Cir. 2004). However, if a petitioner pursues a direct appeal to the Alabama Court of Criminal Appeals, but does not petition for certiorari before the Alabama Supreme Court, his conviction becomes final for purposes of 2244(d)(1)(A) upon the expiration of the deadline for seeking such discretionary review. See Gonzalez v. Thaler, __U.S. __,___,, 132 S. Ct. 641, 653-54, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012); Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006) (the Supreme Court requires petitioners to seek review in the state's highest court before filing a petition for certiorari).

Under Alabama law, before filing a certiorari petition with the Alabama Supreme Court, a criminal defendant is required to apply for rehearing in the Alabama Court of Criminal Appeals within 14 days of the entry of that

7

court's decision. See Ala. R. App. P. 39(c), 40(c). In this case, Hopkins did not file for a motion seeking a rehearing within 14 days of the Alabama Court of Criminal Appeals March 18, 2011 decision affirming his petition, nor did he file a petition for certiorari with the Alabama Supreme Court. Thus, his conviction became final on April 6, 2011 when the Alabama Court of Criminal Appeals issued a certificate of Judgment. And, that is the date that the one-year period for filing his federal habeas petition commenced. See 28 U.S.C. § 224 (d)(1)(A).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Because Hopkins' conviction became final on April 6, 2012, he was required to file his federal petition within one year, exclusive of the time that any properly filed state post-conviction motion remained pending in state court.

As noted *supra,* following the issuance of the certificate of judgment by the Alabama Court of Criminal Appeals on April 6, 2011, Hopkins filed a belated motion for rehearing with the Alabama Court of Criminal Appeals on June 2, 2011. Assuming *arguendo* that his filing tolled the

8

limitations period, by the time it was filed, 56 days in the limitations period had elapsed[6]. The Alabama Court of Criminal Appeals denied his motion as untimely on June 10, 2011, and the limitations period resumed again until March 13, 2012, when Hopkins filed his Rule 32 petition.

The filing of the Rule 32 petition resulted in another tolling of the limitations period. See 28 U.S.C. §2244(d)(2); see also In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). At this point, a total of 266 days had elapsed from the AEDPA one-year limitations period. The limitations period was tolled until July 11, 2014, when the Alabama Supreme Court issued a certificate of Judgment dismissing Hopkins Rule 32 petition. (Doc. 10-16). At that point, the limitations' clock resumed, and Hopkins had 43 days in which to file his federal habeas petition, or until August 25, 2014, absent another tolling event. The record reflects and Hopkins does not dispute that he did not file

---

[6] It is not clear that this belated motion resulted in a tolling of the limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1200 (11th Cir. 2004)(In order for a motion to toll the AEDPA one-year filing deadline, the filing must set forth the grounds upon which it is based, must state the desired relief sought, and must attack collaterally the relevant conviction or sentence.); see also Mogford v. Dep't of Corr., 294 F. App'x 458 (11th Cir. 2008)(post-conviction "motion to mitigate" did not toll AEDPA statute of limitations as the motion was not an application for state post-conviction or other collateral review under 28 U.S.C. § 2244(d)(2)

his habeas petition with his Court until November 10, 2014, which is after expiration of the one-year AEDPA limitations period[7].

To save his untimely petition, Hopkins must demonstrate circumstances excusing his failure to file within AEDPA's one-year limitations period. Before recommending the dismissal of his petition for habeas relief as untimely, the undersigned must determine whether Hopkins has pled extraordinary circumstances which require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandivik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

---

[7] Hopkins does however, assert in error, that the AEDPA one-year statute of limitations period did not commence until July 11, 2014 when he received the certificate of Judgment from the Alabama Supreme Court. According to Hopkins, it was at this point that his conviction became final, and the limitations period commenced. (Doc. 23 at 2). As explained *supra*, Hopkins' conviction became final with the issuance of the certificate by the Alabama Court of Criminal Appeals on April 6, 2011.

10

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618-19 (3rd Cir. 1998) ("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair'"). The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). The circumstances of Hopkins' case fail to demonstrate that he is entitled to the equitable tolling of the AEDPA's statutory limitations period.

The facts presented by Hopkins do not demonstrate that any extraordinary circumstances beyond his control made it impossible for him to file his petition for a writ of habeas corpus in a timely manner, nor do they present a sufficient basis upon which to conclude that he used due diligence in pursuing habeas relief and unavoidable circumstances beyond his control that made it impossible for him to file this action within AEDPA's time limit. Hopkins' only argument for equitable tolling is that he is actually innocent of the convictions and that "it would be a miscarriage of justice to not address his claims of prosecutorial misconduct. . . ." (Doc. 23 at 9).

11

To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298 (1995); see also id. at 327 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Hopkins has not come forward with any evidence which establishes his actual innocence and thereby undermines his murder or sex crime convictions. In fact, Hopkins simply makes a conclusory argument that but for the prosecutor's misconduct, he would not have been convicted of the charges.[8] (Doc. 23 at 9). This falls short of a an actual innocence argument. Accordingly, this is not one of the rare cases in which the actual innocence exception is applicable, and the Court finds Hopkins' habeas petition to be time-barred.

---

[8]  Hopkins asserts, "it would be a miscarriage of justice to not address his claims of prosecutorial misconduct which [are] the direct result of Hopkins being convicted of said crimes, and without such, if not but for such actions on the part of the prosecutor, Hopkins here contend that he would have been exonerated of all said crimes." (Doc. 23 at 9).

12

**II. Certificate of Appealability is denied.**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'").  Inasmuch as it is

13

clear that any claim for relief made pursuant to § 2254 is time-barred, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that the petitioner should be allowed to proceed further.  See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

In the instant case, Petitioner's claims do not warrant the issuance of a Certificate of Appealability. Petitioner's claims are time-barred and he has failed to demonstrate any basis for tolling the limitations period. Therefore, no reasonable jurist could differ on the appropriate disposition of the petition on the record presented.  It is thus recommended that the Court deny any request for a Certificate of Appealability.  Because Petitioner is not entitled to a Certificate of Appealability, any request for leave to appeal *in forma pauperis* is also due to be denied.[9]

---

[9] The guidelines for proceeding *in forma pauperis* are set forth in 28 U.S.C. § 1915. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. §

14

**III.     Conclusion.**

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Hopkins' petition for habeas corpus be dismissed with prejudice as time barred and that judgment be entered in favor of the Respondent, Christopher Gordy, and against the Petitioner, Anthony Jujuan Hopkins.  It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

---

1915(a)(3); see Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if it appears that the appellant "has little or no chance of success," meaning that the "factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). For the reasons previously stated in addressing the Certificate of Appealability, the undersigned concludes that an appeal in this case would be without merit and would not be taken in objective good faith. Thus, Petitioner is neither entitled to a Certificate of Appealability nor to appeal *in forma pauperis*.

15

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **7th** day of **March, 2016.**

                                    **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**